IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANON CRUMBLEY,

    Plaintiff,

v.                                                                              No. 2:21-cv-00916-KRS

TOM FOY STEWART,
SIXTH JUDICIAL DISTRICT ATTORNEY,
JO FOWLER,
HECTOR GRIJALVA,
CLEE CRUMBLEY, and
PATRICIA RICHARDSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
## ORDER FOR SECOND AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's First Amended Complaint for the Conversion of Property, Doc. 7, filed October 12, 2021 ("Amended Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed September 17, 2021.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months was $2,500.00; (ii) Plaintiff's monthly expenses total $2,440.00; and (iii) Plaintiff has $65.00 in cash and $291.00 in bank accounts  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and because her monthly income only slightly exceeds her monthly expenses.

**The Amended Complaint**

This case arises over disputes between Plaintiff and her husband Defendant Clee Crumbley ("Clee"), Clee's cousin Defendant Patricia Richardson, and Clee's female friend Defendant Fowler. Defendants Stewart and Grijalva are state-court judges who presided over Plaintiff's divorce proceedings and criminal proceedings initiated by Defendant Sixth Judicial District Attorney. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, Civil action for deprivation of rights, 42 U.S.C. § 1985, Conspiracy to interfere with civil rights, 28 U.S.C. § 1343, Civil rights and elective franchise, and for fraud and conversion.

Plaintiff requests the following relief:

54. WHEREAS I ask for relief from the prejudice attacks against me by the District Attorney's office.  They have been initiating charges against me nonstop for almost 2 years because I drive by the property all my assets are located.  The District Attorney is protecting the criminals helping them get away with fraud and needed to have an injunction placed against them.

55. Also allow the criminal charge I am attempting to move from the state as case 2:21-cv-00910-GBW be removed and dismissed.  It is completely fabricated and proof of sixth judicial district attorney's vindictive prosecution and cover up of Crumbley's attempted murder.

56. I ask the court to order Judge Stewart and Judge Grijalva recuse themselves from any current or future case that I am party to.

57. That an injunction be put against Fowler to stop running my LLC's assets under fraud and take possession of the illegally derived assets.

58. That Due Process of Law is allowed and further issue relief as the court deems appropriate.

Amended Complaint at 24.  It is not clear whether Plaintiff seeks monetary damages.

<u>Conspiracy Claims</u>

Plaintiff asserts a conspiracy claim pursuant to 42 U.S.C. § 1985(3).  *See* Amended Complaint at 3, ¶ 4.  "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Yaklich v. Grand County*, 278 Fed.Appx. 797, 801 (10th Cir. 2008).  "Section 1985(3) conspiracy claims cannot stand on vague and conclusory allegations; but rather, must be pled with some degree of specificity." *O'Connor v. St. John's College*, 290 Fed.Appx. 137, 141 (10th Cir. 2008).

Plaintiff alleges: (i) "Fowler directed [Clee] to get Richardson to call in a favor from Officer Burns who [Clee] told me she helped on a big gun bust;" (ii) "Mathew Bradburn working in his capacity at the DA's office participated with [Clee] and Fowler in my false arrest;" (iii) "Fowler

3

arranged for a wealthy influential friend of her family to come make a false claim the lowboy trailer was paid off before we got married;" (iv) Fowler "has an advantage of lifelong ties with people in the [DA's office] and ... persuaded the DA's office to act unethical trying to prosecute me for complaining about my rights;" (v) "they all grew up together in a little community with friends and family that are long standing political contributors.  They are former classmates and have long standing friendships;" and (vi) "Fowler's family owns a large percentage of property in Grant County ... [and] The influence from [Fowler] has had a tremendous negative impact on my divorce and caused lots of confusion and persuasion in the non-ethical charges and orders that are being made."  Amended Complaint at 7, ¶ 12; at 10, ¶ 18; at 26, ¶ 12; at 16, ¶ 34; at 21, ¶ 46; at 21-22, ¶ 47.

The Amended Complaint fails to state a conspiracy claim pursuant to 42 U.S.C. § 1985(3). There are no factual allegations specifically showing that there was an agreement between the Defendants or that Defendants acted in concert to deprive Plaintiff of any rights.  *See Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("under § 1983 and § 1985, we have generally held a federal conspiracy action brought under either of these statutes requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective").

Section 1343 Claims

Plaintiff asserts claims pursuant to 28 U.S.C. § 1343, Civil rights and elective franchise. *See* Amended Complaint at 4, ¶ 5.  Section 1343 allows a person to "recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in [28 U.S.C. § 1985]." 28 U.S.C. § 1343(1).  The Amended Complaint fails to state a claim pursuant to Section 1342(1)

because, as discussed above, the Amended Complaint fails to state a claim pursuant to Section 1985.

Claims Against the Judges

Plaintiff alleges that Defendant Judge Stewart: (i) "displayed an obvious disliking to me;" (ii) "would not even listen to what I had to say at the hearing ... He treated me with prejudice and acted bias toward me;" (iii) "reopened the first divorce case filed by [Clee] on a sua sponte order and combined it with the divorce I filed;" (iv) "gave sole possession to [Clee] a business asset we paid $300,000 for;" (v) "willingly ignored my timely filed motions to the court;" (vi) "issued a final decree of divorce, the next day a first amended final decree of divorce;" (vii) "signed my name to the decree as objection filed and awarded our community property disregarding my objection and motions;" (viii) "issued a stipulated order that neither of us encumber the assets that were awarded in the final decree until the court of appeals made a ruling;" (ix) "knowingly and deliberately worked outside of the law, in excess of his judicial capacity, to set a hearing on the motion [to recuse];" and (x) "still refuses to address the motions that got my appeal thrown out of the appeals court rendering the final decree not final."  Amended Complaint at 9, ¶ 16; at 11, ¶ 21; at 11, ¶ 23; at 13, ¶ 26; at 13, ¶ 27; at 16, ¶ 35; at 17, ¶ 36; at 18, ¶ 40; at 19, ¶ 43; at 19, ¶ 44

Plaintiff alleges that Defendant Judge Grijalva: (i) "denied my due process rights ... during the hearing [Clee] committed perjury and Grijalva stated that he did and laughed it off but still found me guilty ... He denied my due process by not allowing me to prove the character witness of the parties involved;" (ii) "called in and released the men [from county jail] in the morning of July 5th ... but he did not call back to release me till around 4 pm;" and (iii) "has been part of warrants put out for my arrest based on unfounded charges;" Amended Complaint at 8, ¶ 12; at 10, ¶ 19; at 23, ¶ 52.

The Amended Complaint fails to state a claim for monetary damages against Defendants Stewart and Grijalva because "State court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Plaintiff's allegations against the two judges show that their actions were taken in the judges' judicial capacity. Plaintiff makes no nonconclusory allegations that the actions of the two judges were taken in the complete absence of all jurisdiction.

Claims Against the Sixth Judicial District Attorney

Plaintiff alleges: (i) "Mathew Bradburn working in his capacity at the DA's office participated with [Clee] and Fowler in my false arrest;" (ii) "a prosecuting attorney for the state ... informed the state had once again dropped the charges on [Clee] ... told me the office would contact me ... I never got contacted from the DA office;" (iii) "The DA has been turned against me based on lies ... Fowler ... persuaded the DA's office to act unethical trying to prosecute me for complaining about my rights;" (iv) "the DA chose to protect [Clee] and deny me my right to fair justice, equal protection and due process in law;" (v) "the district attorney participated with [Clee] and Fowler in a plan to obtain unsupported felony aggregated staling charges and falsely claimed it as my second offence where no first offence was ever convicted;" and (vi) "I have been subject to non-stop harassment from the district attorney for the last two years bringing charges against me to protect the criminals." Complaint at 10, ¶ 18; at 14-15, ¶¶ 29-32; at 16, ¶ 34; at 17-18, ¶ 39; at 20, ¶ 45.

The Amended Complaint fails to state a claim against Defendant Sixth Judicial District Attorney for monetary damages because "a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).  The alleged actions of the district attorneys clearly cast them in the role of an advocate initiating and presenting the government's case.

Claims Against Fowler, Clee and Richardson

The Amended Complaint fails to state a claim against Defendants Fowler, Clee and Richardson pursuant to 28 U.S.C. § 1983.  Section 1983 only authorizes suits against persons acting under color of state law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").  A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights.  *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.*

There are no allegations showing that Defendants Fowler, Clee and Richardson were acting under color of state law.  Nor are there any allegations showing an agreement and concerted action between Defendants Fowler, Clee and Richardson and the other Defendants.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the

action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Amended Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim under federal law, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file a second amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Amended Complaint on Defendant at this time because the Amended Complaint fails to state a claim over which the Court has jurisdiction. The Court will order service if Plaintiff files: (i) a second amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed September 15, 2021, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**

8